CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 30 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| QUENTIN MCLEAN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07cv00409 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TRACY S. RAY, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Quentin McLean, a Virginia prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. However, this court has dismissed three of McLean's previous complaints for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Therefore, McLean may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As McLean has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice and denies his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the

---

[1] See McLean v. Mr. Fleming, et al., Civil Action No. 7:98cv00731 (W.D. Va. January 13, 1999); McLean v. J. Bolling, et al., Civil Action No. 7:99cv00221 (W.D. Va. May 10, 1999); McLean v. Schillin, et al., Civil Action No. 7:99cv00318 (W.D. Va. July 20, 1999).

[2] McLean alleges that the defendants failed to protect him from other inmates and guards who harassed him, destroyed his property, assaulted him, and "disorganiz[ed] his cell." He claims that as a result, he has refused showers and recreation time out of fear that the other guards will harm him. In order to raise an Eighth Amendment claim for failure to protect, an inmate must show that prison officials were deliberately indifferent to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish deliberate indifference, McLean must show that prison officials knew of and disregarded an excessive risk of harm, mere negligence as to his safety is insufficient. Id. at 838; Estelle v. Gamble, 492 U.S. 97, 104 (1976). None of McLean's conclusory allegations show that his safety was in danger at any point. Although he claims that other guards assaulted him, he provides no details in support of this allegation and does not allege that he was injured from these alleged assaults. The court finds that McLean's speculative fear is insufficient to show that he is imminent harm of serious physical injury.

[3] The court has previously notified McLean that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give McLean additional time to pay the filing fee or amend his complaint.

1

accompanying Order to the plaintiff.

**ENTER:** This 29th day of August, 2007.

_____
United States District Judge

2